1  Bruce W. Leppla (State Bar No. 071642)
   bleppla@lchb.com
2  Katherine Lehe (State Bar No. 273472)
   klehe@lchb.com
3  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
4  San Francisco, CA  94111-3339
   Telephone:     415.956.1000
5  Facsimile:     415.956.1008

6  David S. Stellings (*Pro Hac Vice* application anticipated)
   dstellings@lchb.com
7  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   250 Hudson Street, 8th Floor
8  New York, NY 10013-1413
   Telephone: 212.355.9500
9  Facsimile: 212.355.9592

10 *Attorneys for Plaintiff and the Proposed Class*

11 (Additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INNA KUZMENKO, Individually and on behalf of all others similarly situated and the California general public,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.; CITIBANK (WEST) FEDERAL SAVINGS BANK; CITIMORTGAGE, INC.; and CITIBANK SERVICE CORPORATION,<br><br>Defendants. | Case No. CV 12 1227<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF FOR VIOLATIONS OF CALIFORNIA CIVIL CODE SECTION 2941**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, by her attorneys, on behalf of herself and all others similarly situated, as well as on behalf of the general public of the State of California, brings this action against the Defendants named herein, for violations of Section 2941 of the Civil Code.

961571.2

## INTRODUCTION

1. The use of some form of financing is central to the process of purchase and sale of real estate. However, once that financing takes place, a lien or cloud on title, (in California, a Deed of Trust), until satisfied and reviewed, essentially prevents subsequent transfer of the parcel of real estate at issue. Thus, an important aspect of the ability to easily transfer real estate, which is so central to the economy of California, is, upon satisfaction of the debt, the duty of the lender and the Trustee of the Deed of Trust to timely remove the cloud upon the title. This was recognized and embodied in the codification of those duties in Section 2941 of the Civil Code.

2. This action is based upon Defendants' failure to perform the duties mandated by Section 2941 of the Civil Code, thus impeding the transfer of real estate and causing damage to Plaintiff and all members of the class as well as to the general public of the State of California.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is proper pursuant to Section 410.10 of the Code of Civil Procedure as the conduct Plaintiff complains of arose in the County of San Francisco, State of California.

4. Venue is proper in this Court pursuant to section 395 of the Code of Civil Procedure. Defendants transact business, maintain offices or are found in this judicial district and division; the contract at issue was entered into in this district and division; and the violations of law at issue herein involved a resident and/or real estate located in this district and division.

5. On or about December 12, 2003, Plaintiff Inna Kuzmenko borrowed money from Citibank (West) Federal Savings Bank. In connection with that transaction, on or about December 12, 2003, Plaintiff Kuzmenko, as Trustor, executed a Deed of Trust in favor of Citibank (West) Federal Savings Bank, as Beneficiary, against her real property located at 2262 42nd Avenue, San Francisco, CA 94116 ("Plaintiff's San Francisco real property"), to secure repayment of her

961571.2

- 2 -

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

obligations to Citibank (West) Federal Savings Bank. Also in connection with that transaction, on or about December 19, 2003, Citibank Service Corporation, acting as Trustee for Citibank (West) Federal Savings Bank, the Beneficiary under the Deed of Trust, recorded the Deed of Trust against Plaintiff's San Francisco real property with the Office of the County Recorder of San Francisco.

6.  On March 10, 2005, Plaintiff's obligations to Citibank (West) Federal Savings Bank, which were secured by the Deed of Trust executed by Plaintiff in favor of Citibank (West) Federal Savings Bank as Beneficiary, were satisfied. On May 12, 2005, some 63 days thereafter, Citibank (West) Federal Savings Bank, through its Attorney in Fact, CitiMortgage, Inc., executed a document entitled "Substitution of Trustee and Deed of Reconveyance," pursuant to which CitiMortgage, Inc. was substituted in as Trustee under Plaintiff's Deed of Trust in lieu of Citibank Service Corporation. Through the same document and on the same date, CitiMortgage, Inc., acting as Trustee for Citibank (West) Federal Savings Bank, recorded a Deed of Reconveyance of Plaintiff's Deed of Trust with the Office of the County Recorder of San Francisco.

7.  Citibank Service Corporation, Citibank (West) Federal Savings Bank, and CitiMortgage, Inc. are subsidiaries of Citibank, N.A., which is a nationally-chartered bank. Citibank, N.A. has sufficient minimum contacts in California or otherwise intentionally avails itself of the California market through, without limitation, its advertisement, promotion, marketing, sales and/or distribution and other business activities, so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

## CLASS ACTION ALLEGATIONS

8.  Plaintiff brings this action, pursuant to California Code of Civil Procedure §382 on behalf of herself and a class defined as follows:

> All persons or entities who, from January 1, 2006 to the present, satisfied loans secured by deeds of trust on real property in California where Defendants did not timely satisfy their obligations to reconvey the Deed of Trust and/or cause the reconveyance to be recorded in the office of the relevant county recorder. Excluded from the class are Defendants and their officers, directors, agents and any other persons or entities related to or affiliated with Defendants.

9. Plaintiff seeks to represent a class of persons who are so numerous that the joinder of each member of the class is impracticable. Plaintiff is informed and believes that there are hundreds of thousands of real estate debt obligations satisfied in California each year that would trigger the requirements of reconveyance embodied in Civil Code Section 2941. Defendant CitiMortgage, Inc., Plaintiff's lender and Trustee, is among the largest real estate financing institutions in the State of California. On information and belief, the class numbers in the thousands.

10. There is a well-defined community of interest in the questions of law and fact affecting class members. The class members' claims against Defendants involve questions of common or general interest, in that their claims are based on Defendants' failure to take the steps necessary to reconvey and/or record the reconveyance of Deeds of Trust in a timely manner where the loan obligation has been satisfied and thus to remove the cloud on the title of the underlying real estate. Proof of this conduct by Defendants will entitle each member of the class to the relief requested in this Complaint.

11. A class action is superior to other available methods for the fair and efficient adjudication of the controversy where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against a large corporate Defendants, and individual lawsuits would be too financially burdensome to pursue given the relatively small amount of damage caused to each individual. In addition, it is desirable to concentrate all of these claims in a single proceeding which will result in greater judicial efficiency.

961571.2

- 4 -

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

12. Plaintiff will fairly and adequately represent the interests of the class, because Plaintiff is a member of the class and the claims of Plaintiff are typical of those of the class; namely, that Defendants failed to take the mandated actions necessary, in a timely manner, to remove the cloud on title of Plaintiff's real estate after Plaintiff satisfied the secured debt.

13. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class, including, but not limited to:

    a. Whether Defendants' actions and/or inaction in connection with satisfied real estate loans secured by Deeds of Trust violated Civil Code Section 2941;

    b. The nature of any applicable injunctive relief; and

    c. The appropriate relief for class members for Defendants' violations of Civil Code 2941.

## FACTUAL ALLEGATIONS

14. In the State of California, financing and collateralization of real property is accomplished through Deeds of Trust. A Deed of Trust is essentially an agreement between a lender (who is the beneficiary of the trust), a borrower (who is the trustor) and a trustee. Often, as is the case here, the trustee is an affiliate of or owned by the lender. In this transaction, the title to the real property is transferred to the trustee and held until the loan is repaid. The Deed of Trust is recorded and constitutes a cloud on the title which impedes its transfer.

15. Upon repayment of the loan, the lender is statutorily and contractually required to instruct the trustee to reconvey the Deed of Trust to the borrower and to record the fact that it was reconveyed. The title to the real estate is then free and clear of any cloud. A failure to reconvey and record the reconveyance, in a timely manner, leaves the title with a cloud on it and carries serious risk of damage to the borrower.

16. The State of California recognized the severity of the risk of damage to both the borrower and the economy of the State resulting from such failures and, in response, enacted Section 2941 of the Civil Code.

17. This statutory provision provides, *inter alia*, that within thirty (30) days of satisfaction of the loan obligation, the lender (beneficiary) must deliver to the trustee all documents necessary to reconvey the Deed of Trust (Section 2941 (b)(1)).

18. The trustee then must, within twenty-one (21) days of receipt of the necessary documents, execute the reconveyance and cause it to be recorded in the office of the county recorder so as to clear the title of the cloud caused by the Deed of Trust (Section 2941 (b)(1)(A)).

19. Pursuant to Section 2941(d), each violation of this section makes the violator liable to the person affected in the amount of $500.00.

20. On or about December 12, 2003, Plaintiff Inna Kuzmenko borrowed money from Citibank (West) Federal Savings Bank. In connection with that transaction, on or about December 12, 2003, Plaintiff Kuzmenko, as Trustor, executed a Deed of Trust in favor of Citibank (West) Federal Savings Bank, as Beneficiary, against her real property located at 2262 42nd Avenue, San Francisco, CA 94116 ("Plaintiff's San Francisco real property"), to secure repayment of her obligations to Citibank (West) Federal Savings Bank. Also in connection with that transaction, on or about December 19, 2003, Citibank Service Corporation, acting as Trustee for Citibank (West) Federal Savings Bank, the Beneficiary under the Deed of Trust, recorded the Deed of Trust against Plaintiff's San Francisco real property with the Office of the County Recorder of San Francisco.

21. On March 10, 2005, Plaintiff's obligations to Citibank (West) Federal Savings Bank, which were secured by the Deed of Trust executed by Plaintiff in favor of Citibank (West) Federal Savings Bank as Beneficiary, were satisfied. On May 12, 2005, some 63 days thereafter,


Citibank (West) Federal Savings Bank, through its Attorney in Fact, CitiMortgage, Inc., executed a document entitled "Substitution of Trustee and Deed of Reconveyance," pursuant to which CitiMortgage, Inc. was substituted in as Trustee under Plaintiff's Deed of Trust in lieu of Citibank Service Corporation. Through the same document and on the same date, CitiMortgage, Inc., acting as Trustee for Citibank (West) Federal Savings Bank, recorded a Deed of Reconveyance of Plaintiff's Deed of Trust with the Office of the County Recorder of San Francisco.

22. Defendants' failure to cause to be recorded the reconveyance of Plaintiff's Deed of Trust within the statutorily required time period constitutes a violation of Section 2941 of the California Civil Code.

## VIOLATIONS ALLEGED

23. Paragraphs 1 through 23 are incorporated herein as if fully set forth.

24. Defendants Citibank Service Corporation, Citibank (West) Federal Savings Bank, and Citibank, N.A., acting as Beneficiaries, have failed to transfer to the trustee all documents necessary to reconvey the Deed of Trust within thirty (30) days after Plaintiff's and class members' repayment of the loans issued by Defendants, in violation of section 2941(b)(1) of the Civil Code.

25. Defendants Citibank Service Corporation and CitiMortgage, Inc., acting as Trustees, have failed to execute a reconveyance of the Deed of Trust and to cause the recording of same within twenty-one (21) days of receipt of the papers necessary to accomplish the reconveyance, in those instances where the lender furnishes those papers to the Trustee in the course of business, in violation of Section 2941(b)(1)(A).

26. As a direct result of Defendants' violations of Section 2941, Plaintiff and each member of the class are entitled to an award of $500 for each violation of Section 2941.

27. Accordingly, Plaintiff, on behalf of herself and all others similarly situated, requests the following classwide equitable relief:

    a. That a judicial determination and declaration be made of the rights of Plaintiff and the class members, and the corresponding responsibilities of Defendants;

    b. That Defendants be declared to be financially responsible for the costs and expenses of a Court-approved notice program by mail, broadcast media, and publication designed to give immediate notification to class members; and

    c. Requiring Defendants to cause to be recorded the reconveyance of each repaid, but as yet unreconveyed, Deed of Trust for Plaintiff and each class member.

## DELAYED DISCOVERY OF VIOLATIONS

28. Plaintiff and the members of the class did not, and through the use of reasonable diligence, until shortly before the institution of this action, could not have discovered the Defendants' failure to take the steps necessary to accomplish the reconveyance of the Deeds of Trust and the recording of those reconveyances. In fact, the only occurrence which would lead to that discovery is an attempt to transfer title to the real estate. Instead, relying on the professionalism of Defendants and the fiduciary nature of the relationship, Plaintiff and the members of the class reasonably believed that the Defendants had taken the necessary actions to remove the cloud from their real estate title, in a timely manner, as required by law and by their agreements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

29. That Defendants be adjudged to be in violation of Section 2941 of the Civil Code;

30. That Defendants be enjoined and restrained from failing to perform their duties with respect to reconveying Deeds of Trust and having those reconveyances recorded upon repayment of the underlying loan obligation;

31. That Plaintiff and each member of the class be awarded statutory damages pursuant to Section 2941 of the Civil Code, based on Defendants' failure to perform their duties with respect to reconveying Deeds of Trust and having those reconveyances recorded upon repayment of the underlying loan obligations;

32. For post-judgment interest;

33. For equitable relief, including a judicial determination of the rights and responsibilities of the parties;

34. That Plaintiff and each member of the class be awarded their costs of suit including reasonable attorneys' fees.

35. Such other relief as may be necessary and appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all claims and issues so triable.

| | |
|---|---|
| 1 | Dated: March 12, 2012 |

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: _/s/ Bruce W. Leppla_
    Bruce W. Leppla

Bruce W. Leppla (State Bar No. 071642)
bleppla@lchb.com
Katherine Lehe (State Bar No. 273472)
klehe@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:      415.956.1000
Facsimile:       415.956.1008

*Attorneys for Plaintiff and the Proposed Class*

David S. Stellings (*Pro Hac Vice* application anticipated)
dstellings@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:      212.355.9500
Facsimile:       212.355.9592

*Attorney for Plaintiff and the Proposed Class*

Robert Eisler (*Pro Hac Vice* application anticipated)
reisler@gelaw.com
GRANT & EISENHOFER, P.A.
123 Justison Street
Wilmington, DE 19801
Telephone:      302.622.7000
Facsimile:       302.622.7100

*Attorney for Plaintiff and the Proposed Class*

James Sabella (*Pro Hac Vice* application anticipated)
jsabella@gelaw.com
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, NY  10017
Telephone:      646.722.8500
Facsimile:       646.722.8501

*Attorney for Plaintiff and the Proposed Class*

Steven J. Greenfogel (*Pro Hac Vice* application anticipated)
sgreenfogel@litedepalma.com
Bruce D. Greenberg (*Pro Hac Vice* application anticipated)
bgreenberg@litedepalma.com
LITE DePALMA GREENBERG, LLC
Two Gateway Center, Suite 1201
Newark, New Jersey 07102
Telephone: 973.623.3000
Facsimile: 973.877.3872

*Attorneys for Plaintiff and the Proposed Class*

Joel C. Meredith (*Pro Hac Vice* application anticipated)
JMeredith@mcgslaw.com
MEREDITH & ASSOCIATES
1521 Locust Street, 8th floor
Philadelphia, PA 19102-3708
Telephone: 215.564.5182
Facsimile: 215.569.0958

*Attorney for Plaintiff and the Proposed Class*